IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY LALLAN,
    Petitioner,

v.                              Case No: 3:09cv255/RV/EMT

DEPARTMENT OF HOMELAND SECURITY
IMMIGRATION & CUSTOMS ENFORCEMENT,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Petitioner's petition for review, titled "Motion of Stay," (Doc. 1).  Petitioner, an alien citizen of Trinidad and Tabago, seeks an order staying execution of his final administrative order of removal to Trinidad and Tobago (*id.*).  Petitioner states that on September 10, 2008, he was ordered removed by an immigration judge in Miami, Florida, pursuant to sections 237(a)(2)(A)(ii, iii) and (B)(i) of the Immigration and Nationality Act (*id.* at 1).  He states he appeared at the removal hearing via telephone because he is currently serving a state criminal sentence at the Century Correctional Institution (*id.* at 2).  Petitioner states he was never advised that "waivers" were available to him, and he will experience "much hardship" if he returns to Trinidad and Tabago (*id.* at 2).  Petitioner attached to his pleading the decision of the Board of Immigration Appeals denying his appeal of the removal decision and his request to reopen the removal proceeding (*see id.*, attached Decision of the Board of Immigration Appeals).  Petitioner requests that this court stay execution of the removal order until he has an opportunity to hire a competent lawyer to assist him in reopening the removal proceedings (*id.* at 2).

    Subsection 1252(b)(9) of Title 8 of the United States Code provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."  8 U.S.C. § 1252(b)(9).  Subsection 1252(a)(1) confers jurisdiction upon "the court of

appeals for the judicial circuit in which the immigration judge completed the [removal] proceeding" to review "any final order of removal." 8 U.S.C. § 1252(a)(1); Patel v. United States Attorney Gen., 334 F.3d 1259, 1261 (11th Cir. 2003). This jurisdiction extends to review of the denial of a motion to reopen. *See* 8 U.S.C. § 1252(a)(1), (b)(1); Contreras-Rodriguez v. United States Attorney Gen., 462 F.3d 1314, 1316 (11th Cir. 2006); Patel, *supra*; *see also* Chow v. I.N.S., 113 F.3d 659, 664 (7th Cir. 1997) (stating that "'any final order of [removal]' as used in [§ 1252(a)(1)] includes orders to . . . reopen any such final order of deportation"); Sarmadi v. I.N.S., 121 F.3d 1319 (9th Cir. 1997). Because jurisdiction lies with the Eleventh Circuit Court of Appeals, this district court does not have jurisdiction to review the final order of removal or the denial of Petitioner's motion to reopen, or to grant the preliminary injunctive relief that Petitioner requests.

Finally, it does not appear that transfer of this action to the Eleventh Circuit, as opposed to dismissal, is warranted. Under 28 U.S.C. § 1631, whenever a civil action is filed in a court that lacks jurisdiction to review it, the court in which the action or appeal was filed:

> . . . shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. The Eleventh Circuit has held that a transfer is "in the interest of justice" where the party filed a petition "in the wrong court for very understandable reasons" and filing the petition in the appropriate court would now likely be time-barred. *See* Mokarram v. United States Attorney Gen., 316 Fed. Appx. 949, 2009 WL 511500, at *3 (11th Cir. 2009) (district court did not abuse discretion in transferring habeas petition seeking review of removal order to court of appeals where filing of petition in appropriate court would be time-barred, and there was no evidence showing that petitioner was aware that final order of removal had been entered against him before filing petition with the district court, thus, petitioner filed his petition with the district court for "very understandable reasons") (citing ITT Base Servs. v. Hickson, 155 F.3d 1272, 1276 (11th Cir. 1998)). Such transfers are required only in the limited situation when a party was directed by a government official to file in the incorrect court and the case was time-barred by the time it was dismissed. *See* Hickson, *supra* (transfer from court of appeals to district court was "in the interest of justice" where

final administrative order of Department of Labor Benefits Review Board incorrectly directed aggrieved parties to bring appeal in United States courts of appeal instead of appropriate district court, and any appeal to appropriate district would probably be time-barred if case was dismissed); Slatick v. Dir., Office of Workers' Comp. Programs, United States Dep't of Labor, 698 F.2d 433, 434–35 (11th Cir. 1983) (same).

In the instant case, there appears to be no reason that Petitioner filed his petition in this court instead of the appropriate court of appeals. Furthermore, although filing the petition in the appropriate court would now likely be time-barred, the petition was already time-barred when filed in this court. The deadline for appealing a final order of removal is thirty (30) days after the date of the final order. 8 U.S.C. § 1252(b)(1). In the instant case, the date of the order of the Board of Immigration Appeals dismissing Petitioner's appeal of the removal order and denying his motion to reopen is January 6, 2009 (*see* Doc. 1 attachment). The instant petition was filed on May 28, 2009, over 120 days later (*see* Doc. 1 at 1, 2). Therefore, transfer of this case will not prevent it from being time-barred. As circumstances do not exist showing that transfer of this case is "in the interest of justice," dismissal of this action is warranted.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's petition for review, titled "Motion of Stay" (Doc. 1), be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 24th day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 3:09cv255/RV/EMT